

1776 K STREET NW
WASHINGTON, DC 20006
PHONE   202.719.7000
FAX     202.719.7049

7925 JONES BRANCH DRIVE
MCLEAN, VA 22102
PHONE   703.905.2800
FAX     703.905.2820

www.wileyrein.com

December 10, 2014

Thomas W. Kirby
202.719.7062
tkirby@wileyrein.com

BY ECF

Hon. Gregory H. Woods
United States District Court for the Southern District
  of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

RE:   *Harrison Scott Pubs., Inc. v. EnTrust Capital Mgt. LP, et al.,*
      No. 14-CV-7052 (GHW)

Dear Judge Woods:

As authorized by your November 25, 2014 Order in this matter, Plaintiff Harrison Scott Publications, Inc. today filed its First Amended Complaint containing modified allegations intended to avoid needless litigation on the EnTrust Defendants' Motion to Dismiss dated November 19, 2014.

Attached please find a document that shows the changes between the original Complaint and the First Amended Complaint. The primary substantive additions address the bases for Defendant Hymowitz being personally liable for the copyright infringements of which Harrison Scott complains. Aside from clerical edits, these revisions consist of a section beginning on page 9 entitled, "Further Allegations Concerning Infringement by Defendant Hymowitz."

The EnTrust Defendants' motion also challenges the prayer for punitive damages in the original Complaint on the ground the punitive damages are not authorized in a copyright infringement action such as this. To avoid needless controversy, the First Amended Complaint removes express reference to punitive damages from the prayer for relief. It is unlikely that the availability of punitive ever will need to be decided. If such circumstances arise, Harrison Scott will rely on the Rule 54(c) principle that a plaintiff need not specify a form of relief to obtain it.

Finally, the EnTrust Defendants seek dismissal as to seven issues of *Hedge Fund Alert* listed in Complaint Exhibit A whose registration applications remained pending before the Copyright Office at the time Harrison Scott commenced this



December 10, 2014
Page 2

litigation. We earlier advised the Court that this issue arose from Copyright Office delay that soon would be resolved. In fact, the Copyright Office has now issued a registration certificate covering those seven issues. Accordingly, Exhibit A to the First Amended Complaint includes the registration certificate information. A second attachment shows the changes from the original Exhibit A to the Exhibit A that accompanies the First Amended Complaint. Unfortunately, the Copyright Office inexplicably assigned 2014 effective dates. As noted in the footnote to Exhibit A, Harrison Scott has asked the Copyright Office to correct the dates.

Respectfully submitted,

Thomas W. Kirby
Counsel for Plaintiff
Harrison Scott Publications, Inc.

Enclosures